

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00058-CV

IN THE MATTER OF THE MARRIAGE OF
JANDA KAY MASON AND CHRISTIAN RICHARD MASON
AND IN THE INTEREST OF E.M.A., A CHILD

On Appeal from the 8th District Court
Rains County, Texas
Trial Court No. 10,368

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Appellant Christian Richard Mason filed a timely pro se notice of appeal on May 31, 2019.[1] The clerk's record was filed on July 1, 2019. The reporter's record was filed on October 1, 2019. The original deadline for Mason's appellate brief was October 31, 2019. At Mason's request, this Court extended the deadline for filing his appellate brief until December 2, 2019.

On December 4, 2019, we received a document that purported to be Mason's appellate brief. That same day, we sent Mason a letter explaining that, for numerous reasons, the document we received was inadequate to serve as a brief because it did not meet the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. In our letter, we provided Mason with a detailed explanation of why the document he provided to this Court failed to comply with Rule 38.1. We informed Mason that if he did not file a brief that complied with Rule 38.1 by December 27, 2019, the appeal would be ripe for dismissal.

On December 30, 2019, Mason provided this Court with a second document that we construed as a revised brief. That document also failed to comply with the requirements of Rule 38.1. Consequently, on December 30, 2019, we sent Mason a letter informing him that the revised brief, like the first brief he submitted, was inadequate to serve as a brief because it failed to meet the requirements of Rule 38.1, subsections (f), (g), and (i), of the Texas Rules of Appellate Procedure. We once again provided Mason with the opportunity to cure the deficiencies in his

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

brief and informed Mason that if he did not file a compliant brief by January 21, 2020, we could dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a).

We did not receive a revised appellate brief in response to our December 30, 2019, letter and, in fact, received no responsive communication of any kind. Having received no response to this Court's letter of December 30, 2019, Mason's appeal is ripe for dismissal.[2]

Pursuant to Rules 38.8 and 42.3 of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8, 42.3; *see also Running v. City of Athens*, No. 12-18-00047-CV, 2018 WL 2326775, at *1 (Tex. App.—Tyler, May 23, 2018, no pet.) (per curiam) (mem. op.).


Ralph K. Burgess
Justice


Date Submitted:     February 5, 2020
Date Decided:       February 6, 2020

---

[2]Having provided Mason with ample opportunity to file a proper brief in this matter, we are disinclined to provide Mason with further direction on how to file a brief which complies with Rule 38.1 of the Texas Rules of Appellate Procedure. Moreover, we do not have the opposing party's brief, and, therefore, cannot affirm upon that brief without examining the record. *See* TEX. R. APP. P. 38.8(a).

3